UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

SHEENA HOWARD,

    Plaintiff,

  v.

CITY OF WOOD RIVER, MICHAEL YOUNG,
JOHN HOEFERT, and DENNIS LABORAY

    Defendants.

Case No. 21-cv-1598-JPG

## MEMORANDUM AND ORDER

This matter comes before the Court on the Court's April 11, 2022, order to show cause (Doc. 12). As noted in the order to show cause, the Court allowed the plaintiff's counsel, who represented the plaintiff at the commencement of this action, to withdraw from the case on March 15, 2022 (Doc. 11). In the order allowing withdrawal, the Court further ordered the plaintiff to either retain other counsel and have new counsel file a notice of appearance or, in the alternative, notify the Court that the plaintiff would be proceeding *pro se*. It gave the plaintiff 21 days to do this—that is, until April 8, 2022, if the Court allowed three days for service by mail. *See* Fed. R. Civ. P. 6(a)(1)(C) & (d). It warned the plaintiff that the failure to do either of these things in a timely manner might lead the Court to construe that failure as an intent not to pursue this litigation and might dismiss this case for lack of prosecution pursuant to Federal Rule of Civil Procedure 41(b) and/or the Court's inherent authority to manage its docket. *See In re Bluestein & Co.*, 68 F.3d 1022, 1025 (7th Cir. 1995); *see Grun v. Pneumo Abex Corp.*, 163 F.3d 411, 425 (7th Cir. 1998).

By April 8, 2022, no new counsel had entered an appearance, and the plaintiff had not indicated a wish to proceed *pro se*, so the Court ordered the plaintiff to show cause on or before

2

May 6, 2022, why the Court should not dismiss this case based on the same authority set forth in its prior order (Doc. 12).  Again, the plaintiff failed to respond.

Accordingly, as it warned it might, the Court construes the plaintiff's recent failure to respond to two orders of the Court as an indication that the plaintiff has no intent to prosecute this action and **DISMISSES** this case **without prejudice** for lack of prosecution pursuant to Rule 41(b) and the Court's inherent authority to manage its docket.  *See In re Bluestein & Co.*, 68 F.3d at 1025; *Grun*, 163 F.3d at 425.  The Court **DIRECTS** the Clerk of Court to close this case.

**IT IS SO ORDERED.**
**DATED:  May 24, 2022**

                                                s/ J. Phil Gilbert
                                                **J. PHIL GILBERT**
                                                **DISTRICT JUDGE**